UNITED STATES DISTRICT COURT
EASTERN DISTRICT FO NEW YORK
_____

**MOHAMMED A. TIPOO,**

                      Plaintiff,                      **COMPLAINT**

-vs.-                                                                        20 CV _____

**SANTANDER CONSUMER USA INC., CITIBANK,
N.A. and MACY'S, INC.**,

                                                               **Jury Demanded**

                      Defendants.
_____

Plaintiff Mohamed A. Tipoo ("Plaintiff") alleges as follows:

1. Plaintiff is bringing this case against Defendants Santander Consumer USA Inc. ("Santander"), Citibank, N.A. ("Citibank") and Macy's, Inc. ("Macy's") (collectively "Defendants") for making prerecorded telephone calls to Plaintif's cell phone without Plaintiff's prior express consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the regulations promulgated thereunder (collectively, the "TCPA").

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff is a citizen of new York and resides in Suffolk County.

3. Upon information and belief, defendant Santander Consumer U.S.A., Inc. ("Santander") is an Illinois Corporation with its corporate headquarters in Dallas, Texas.

4. Upon information and belief, defendant Citibank is a national banking institution with its corporate headquarters located in Charlotte, North Carolina.

5. Upon information and belief, Macy's, Inc. is a Delaware Corporation with its corporate headquarters in Cincinnati, Ohio.

6. This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## STATUTORY BACKGROUND

8. The TCPA prohibits a person from making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1)(iii).

9. Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

    A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --

    (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

    (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

    (C) both such actions

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

## **FACTS**

10. Upon information and belief, from on or about November, 2019 through the present, defendant Santander called Plaintiff's cell phone, 347-527-8879, on numerous occasions with prerecorded messages. Among those prerecorded messages was the following: "Hello, this is Santander Consumer USA. Please respond promptly by accessing your account online at myaccount.santanderconsumerusa.com or contact our servicing department at 1-888-222-4227. This is a recording." Plaintiff never gave permission to, or otherwise consented to Santander calling his cell phone, let alone to call his cell phone with prerecorded messages.

11. Upon information and belief, the purpose of Santander's calls to Plaintiff's cell phone was to collect a consumer debt. However, Plaintiff had not done any business with Santander and did not owe Santander any consumer debt.

12. Upon information and belief, from on or about November, 2019 through the present defendant Citibank and/or Macy's called Plaintiff's cell phone, 347-527-8879, on numerous occasions with prerecorded messages. In sum and substance, the prerecorded messages stated that Plaintiff should contact them regarding his account. Plaintiff never gave permission to, or otherwise consented to Citibank and/or Macy's calling his cell phone, let alone to call his cell phone with prerecorded messages.

13. Upon information and belief, the purpose of Citibank and/or Macy's calls to Plaintiff's cell phone was to collect a consumer debt. However, Plaintiff had not done any business with Citibank and/or Macy's and did not owe either of them any consumer debt.

14. Plaintiff suffered concrete harm as a result of receiving the telephone calls described above because the calls tied up Plaintiff's telephone line, invaded Plaintiff's privacy,

3

annoyed Plaintiff, used up a portion of Plaintiff's cell phone battery's charge, and wasted Plaintiff's time.

## AS AND FOR A FIRST CAUSE OF ACTION

15.     Plaintiff repeats each and every allegation contained in all the preceding paragraphs and incorporates such allegations by reference.

16.     By engaging in the conduct described above, Defendants committed numerous of violations of the TCPA and the regulations promulgated thereunder, specifically 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §§ 64.1200(a)(1)(iii), against Plaintiff.

17.     Plaintiff is entitled to statutory damages from Defendants under 47 U.S.C. § 227(b)(3) of at least $500 per violation, and an injunction against Defendants ordering them to cease violating the TCPA.

18.     If it is found that Defendants willfully and/or knowingly violated the TCPA, Plaintiff and the members of the Class request that the Court increase the damage award against Defendants to $1,500 per violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

A.     An award to Plaintiff against Defendants of $500 for each of their violations of the TCPA;

B.     if it is found that Defendants willfully and/or knowingly violated the TCPA, an increase of the damage award against Defendants to $1,500 for each of their violations of the TCPA;

C.     an injunction against Defendants prohibiting them from violating the TCPA; and

D.     Such further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: White Plains, New York
September 24, 2020

Respectfully submitted,

/s/ Aytan Y. Bellin
Aytan Y. Bellin
BELLIN & ASSOCIATES LLC
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 358-5345
Fax: (212) 571-0284
E-mail: aytan.bellin@bellinlaw.com

*Attorneys for Plaintiff*